UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELIQUE T.[1],

Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL ACTION NO.: 20 Civ. 9092 (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is a motion, filed by Howard D. Olinsky, Esq. ("Olinsky"), counsel for Plaintiff Angelique T. ("Plaintiff"), for attorneys' fees in the amount of $22,463.50 pursuant to a contingency fee agreement and Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b)(1) (the "Act"). (Dkt. No. 36 (the "Motion")). For the reasons set forth below, the Motion is GRANTED. The Court awards attorneys' fees to Olinsky in the amount of $22,463.50 under Section 406(b) and orders Olinsky to refund to Plaintiff $9,183.75 in attorneys' fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## II. BACKGROUND

On October 29, 2020, Plaintiff filed this action seeking judicial review of the August 10, 2017 decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability income benefits ("DIB"). (Dkt. No. 1; see Dkt. No. 17 at 21). Olinsky

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, we refer to Plaintiff only by her first name and last initial.

represented Plaintiff in this action only and separate counsel represented her in the administrative proceedings before the agency ("Administrative Counsel"). (See Dkt. Nos. 37 ¶¶ 1, 6; 37-1 (the "Fee Agreement")). The Fee Agreement contained a contingency fee arrangement where Olinsky would receive 25% of any past-due benefits awarded to Plaintiff. (Dkt. No. 37-1 ¶ 3). If Plaintiff were ultimately unsuccessful in her pursuit of DIB, Olinsky would receive nothing under the Fee Agreement. (Id.) The parties consented to Magistrate Judge jurisdiction (Dkt. No. 12), and on June 21, 2021, the Commissioner filed the administrative record. (Dkt. No. 17). On October 19, 2021, Plaintiff filed her motion for judgment on the pleadings. (Dkt. No. 20). On March 14, 2022, the parties stipulated to remand the action to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Dkt. No. 29). On June 22, 2022, the parties stipulated to an award to Olinsky of attorneys' fees and costs in the amount of $9,183.75 under the EAJA. (Dkt. No. 35 (the "EAJA Fees")).

Following remand, on January 28, 2026, Plaintiff received notice via email of a letter from the Commissioner, dated September 16, 2025, informing her that she was found to be disabled and entitled to past-due benefits of $149,854.00. (Dkt. No. 37-2 at 5–10 (the "Award Letter"); see Dkt. No. 39).[2] Of the $149,854.00 owed to Plaintiff, the Commissioner withheld $37,463.50 in anticipated attorneys' fees pursuant to Section 406(b). (Dkt. No. 37-2 at 7).

On February 3, 2026, Olinsky filed the Motion, requesting attorneys' fees under Section 406(b) in the amount of $22,463.50 for the time his firm expended representing Plaintiff

_____

[2] Although the Award Letter did not provide the total amount of past-due benefits owed, at the Court's request, Olinsky filed a letter explaining that he calculated the total using the monthly payments provided in the Award Letter. (See Dkt. Nos. 37-2; 39). We have reviewed Olinsky's calculations and find that they are accurate.

(the "Requested Fees").[3]  (Dkt. Nos. 36; 37 ¶ 7; see Dkt. Nos. 37-3–37-5).  Olinsky states that his firm expended 49.6 hours, which includes 39.9 hours of attorney time and 9.7 hours of paralegal time.  (Dkt. No. 37 ¶ 9; see Dkt. Nos. 37-3–37-5).  The Commissioner did not file a response to the Motion.  On March 11, 2026, at the Court's request, Olinsky supplemented the Motion with an affidavit explaining how he calculated the past-due benefits awarded to Plaintiff.  (Dkt. Nos. 38; 39).

## III. <u>DISCUSSION</u>

### A.  <u>Legal Standard</u>

Section 406(b) of the Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]"  42 U.S.C. § 406(b).  If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should evaluate the agreement for reasonableness.  See Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022).[4]

To determine whether a requested fee is reasonable, a district court should consider "(a) the character of the representation and the result the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney."  Fields, 24 F.4th at 849, 853.  To analyze the third factor, i.e., whether the fee would constitute a "windfall," the Second Circuit has instructed courts to "consider more than the <u>de facto</u> hourly rate" because

---

[3] Olinsky states that Administrative Counsel will request $15,000.00 in attorneys' fees, (Dkt. No. 37 ¶ 6), but that request is not before this Court.

[4] Internal case citations and quotation marks are omitted unless otherwise indicated.

"even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." Id. at 854. Courts should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–55. A district court may reduce the amount provided for in a contingency fee agreement "only when it finds the amount to be unreasonable" after considering all these factors. Id. at 852–53; see Kearney v. Saul, No. 20 Civ. 5439 (JMF) (KHP), 2023 WL 4665126, at *2–3 (S.D.N.Y. July 5, 2023) (applying Fields factors), adopted by, 2023 WL 4649389 (S.D.N.Y. July 20, 2023); Munoz v. Comm'r of Soc. Sec., No. 20 Civ. 2496 (KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023) (summarizing Fields factors); Hill v. Comm'r of Soc. Sec., No. 20 Civ. 3821 (PKC), 2023 WL 4827265, at *2 (E.D.N.Y. July 27, 2023) (same).

In addition, if a court awards fees to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund to the claimant the lesser of the two fees. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); Hill, 2023 WL 4827265, at *3 (collecting cases).

4

### B. Application

#### 1. Timeliness

As a threshold matter, Olinsky states that he received the Award Letter via email on January 28, 2026, and he filed the Motion six days later.  (Dkt. No. 37 ¶ 4).  Accordingly, the Motion is timely.  See Sinkler v. Berryhill, 932 F.3d 83, 85 (2d Cir. 2019) (holding that 14-day filing period for seeking attorneys' fees in Fed. R. Civ. P. 54(d)(2)(B) applies to Section 406(b) applications and runs from counsel's receipt of award notice); accord Johnson v. Kijakazi, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *5 (S.D.N.Y. Dec. 15, 2022).

#### 2. Reasonableness

The Fee Agreement permits Olinsky to receive as attorneys' fees 25% of Plaintiff's past-due benefits under Section 406(b).  (Dkt. No. 37-1 ¶ 3).  The Requested Fees do not exceed the statutory cap in Section 406(b), there are no allegations of fraud or overreaching with respect to the Fee Agreement, and the record does not reflect any purposeful delay by Olinsky.  (See generally Dkt. Nos. 37; 37-1).  In addition, through Olinsky's representation, Plaintiff "obtained positive results" in the form of an award of $149,854.00 in past-due benefits. (Dkt. No. 37 ¶ 4; see Dkt. Nos. 37-2; 39).  See Gomez v. Comm'r of Soc. Sec., No. 19 Civ. 9278 (PMH), 2023 WL 7185384, at *2 (S.D.N.Y. Nov. 1, 2023) (noting that counsel "obtained positive results" for client by "securing a remand to the Commissioner" and winning past-due benefits).

We thus turn to the only remaining question:  whether the Requested Fees are reasonable, i.e., whether they are "so large as to be a windfall[.]"  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).  Our analysis turns not solely on the de facto hourly rate but must consider the four Fields factors.  See Fields, 24 F.4th at 854–55.  Here, Olinsky seeks less than 25% of

Plaintiff's past-due benefits, $22,463.50.[5] (Dkt. No. 37 ¶ 7). Olinsky affirms that he performed 39.9 hours of work and that his paralegal performed 9.7 hours. (Id. ¶ 9). Olinsky attests that with paralegal time billed at $100 per hour, his effective hourly rate is $538.68, and we agree with this calculation.[6] (Id.) As set forth below, because the Fields factors weigh in Olinsky's favor, we find the amount of the Requested Fees to be reasonable.

First — "the ability and expertise of the lawyers, and whether they were particularly efficient," Fields, 24 F.4th at 854 — courts in the Second Circuit have found that "attorneys are generally compensated for twenty to forty hours of work in routine Social Security benefits cases." Molina v. Saul, No. 19 Civ. 10575 (JCM), 2021 WL 2117398, at *3 (S.D.N.Y. May 25, 2021). Here, Olinsky requests compensation for 49.6 hours of work by his legal office and supported his request with time ledgers detailing the dates, hours expended, description, and timekeeper of the work performed by his firm. (See Dkt. Nos. 37-3–37-5). We have reviewed the time ledgers and find that the documented hours were spent primarily litigating this action, including reviewing the administrative record and drafting the motion for judgment on the pleadings. (See id.)

In addition, Olinsky's efforts were successful in that the case was remanded to the Commissioner for further proceedings, which led to a total award of past-due benefits to Plaintiff of $149,854.00. (Dkt. Nos. 37-2; 39). Further, we join other courts in this Circuit recognizing Olinsky's skill and experience in Social Security cases. See Cutajar v. Comm'r of Soc. Sec., No. 19

---

[5] Because Administrative Counsel is requesting $15,000 in attorney's fees, it appears that Olinsky subtracted that amount from 25% of Plaintiff's past-due benefits ($37,463 − $15,000 = $22,463.50). (See Dkt. No. 37 ¶¶ 5–6).

[6] $22,463.50 − (9.7 hours * $100) = $21,493.50 / 39.9 hours = $538.68.

Civ. 5569 (SDA), 2021 WL 1541386, at *3 (S.D.N.Y. Apr. 20, 2021 (stating that "there is no question that Olinsky is well experienced in handling [S]ocial [S]ecurity cases"); Rita M.B. v. Berryhill, No. 16 Civ. 262 (DEP), 2018 WL 5784101, at *6 (N.D.N.Y. Nov. 5, 2018) (acknowledging "Olinsky's skill and legal experience in Social Security cases").  Therefore, we find that the hours Olinsky spent on this action in light of his experience are reasonable.  See Cutajar, 2021 WL 1541386, at *3 (finding 39.5 hours Olinsky expended to be reasonable); Rita M.B., 2018 WL 5784101, at *7 (finding 45.4 hours Olinsky expended to be reasonable); see also Stern v. Colvin, No. 16 Civ. 4250 (LAP) (KHP), 2020 WL 8678087, at *1 (S.D.N.Y. Oct. 8, 2020) (finding 39.1 hours reasonable), adopted by, 2021 WL 797646 (S.D.N.Y. Mar. 2, 2021).

Second—"the nature and length of the professional relationship with the client — including any representation at the agency level[,]" Fields, 24 F.4th at 855 — we note that Olinsky did not represent Plaintiff at the agency level, but the Commissioner does not object to the Requested Fees, which we have found to be reasonable in light of the time Olinsky expended on this case and the favorable decision awarding Plaintiff DIB.  See Molina, 2021 WL 2117398, at *3 (concluding plaintiff's counsel would not receive a windfall from fee award even though he did not represent plaintiff in administrative proceedings).  Therefore, this factor does not warrant a downward adjustment.

Third — "the satisfaction of the disabled claimant[,]" Fields, 24 F.4th at 855 — Olinsky "achieved a desirable result for Plaintiff."  Munoz, 2023 WL 5310742, at *3.  Although Plaintiff has not submitted any statement supporting or opposing the Motion, she received a substantial award of past benefits owed since 2016.  (See Dkt. Nos. 37-2; 39).  Thus, this factor does not

7

warrant a downward adjustment.  See Munoz, 2023 WL 5310742, at *3; Hill, 2023 WL 4827265, at *4.

Fourth — "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," Fields, 24 F.4th at 855 — when Plaintiff retained Olinsky in 2020, achieving a substantial award of past-due benefits was not certain.  Plaintiff's prior counsel had litigated her disability claims for approximately three years, without success, before Olinsky undertook the representation in September 2020.  (See Dkt. No. 37-1).  Under these circumstances, we conclude that Olinsky's skills and experience were important factors in securing a favorable result for Plaintiff.  See Hennelly v. Kijakazi, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *3 (S.D.N.Y. June 5, 2023) (finding uncertainty where claimant's application for benefits had been denied at agency level); Antoine v. Kijakazi, No. 19 Civ. 1843 (RRM), 2023 WL 10554626, at *5 (E.D.N.Y. Dec. 28, 2023) (finding that "success in [a] case was far from certain" where prior counsel had represented claimant for three years without success and plaintiff was not awarded benefits until remand following cross-motions for judgment on the pleadings); Demola v. Comm'r of Soc. Sec., No. 18 Civ. 5281 (FB), 2023 WL 2914941, at *1 (E.D.N.Y. Apr. 12, 2023) (finding uncertainty where claimant's application for benefits had been denied at agency level).  Thus, this factor does not warrant a downward adjustment.

None of the Fields factors support a finding that the Requested Fees would constitute a windfall to Olinsky, nor does the resulting de facto hourly rate of $538.68 — which, in any event, is not dispositive, see Fields, 24 F.4th at 854 — fall outside the range of de facto hourly rates that other courts in this Circuit have approved.  See, e.g., Stern, 2020 WL 8678087, at *1 (finding $558.72 hourly rate was reasonable); Janes v. Saul, No. 18 Civ. 5054 (GBD) (SDA), 2020 WL

7029173, at *4 (S.D.N.Y. July 28, 2020), adopted by, 498 F. Supp. 3d 540 (S.D.N.Y. 2020) (collecting cases approving de facto hourly rates between $456.29 and $722.04 and finding $690 hourly rate was reasonable); Bluet v. Comm'r of Soc. Sec., No. 19 Civ. 6323 (PKC), 2022 WL 160267, at *3 (E.D.N.Y. Jan. 18, 2022) (finding $500 hourly rate was reasonable).

Olinsky must, however, on receiving an award of fees pursuant to Section 406(b), refund the EAJA Fees ($9,183.75) to Plaintiff.  See Wells v. Bowen, 855 F.2d at 48; Munoz, 2023 WL 5310742, at *3 (ordering plaintiff's attorney to "remit the [amount] received pursuant to the EAJA to Plaintiff"); Hill, 2023 WL 4827265, at *4 (same).

### IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED.  Olinsky is awarded attorneys' fees of $22,463.50 pursuant to Section 406(b), to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

Olinsky is ORDERED, within five (5) business days of receipt of the attorneys' fees pursuant to Section 406(b), to (a) refund to Plaintiff the $9,183.75 in attorneys' fees previously awarded under the EAJA, and (b) file on the docket a declaration confirming that refund.

The Clerk of the Court is respectfully directed to close Dkt. No. 36.

Dated:     New York, New York
           March 16, 2026                              SO ORDERED.

SARAH L. CAVE
**United States Magistrate Judge**

9